UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>                              Plaintiff,<br><br>v.<br><br>BOSA DEVELOPMENT CALIFORNIA II, INC.; INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,<br><br>                              Defendants. | Case No.: 3:19-cv-01847-AJB-BGS<br><br>**ORDER GRANTING LIBERTY MUTUAL FIRE INSURANCE COMPANY'S MOTION TO STAY (Doc. No. 24)** |

Presently before the Court is Liberty Mutual Fire Insurance Company's ("Liberty") motion to stay. (Doc. No. 24.) Bosa Development California II, Inc. ("Bosa") and Insurance Company of the State of Pennsylvania ("ICOSP") both filed non-oppositions. (Doc. Nos. 25, 28.) For the reasons stated herein, the Court **GRANTS** the motion.

## I.   BACKGROUND

This case arises out of several defects found in a condominium construction project. Bosa was the developer of this Legend condominium project ("the Legend Project"). Before Bosa began construction on the Legend Project, Bosa purchased a "wrap-up" insurance policy issued by Liberty for all contractors and subcontractors involved in the

project ("the Liberty Policy").

The Liberty Policy provides that the amount Liberty will pay for "bodily injury" and "property damage" is limited to $2,000,000 for each "occurrence," subject to a total aggregate limit for all damages within the "products/completed operations hazard" of $4,000,000. The Liberty Policy also required Bosa to pay a deductible up to $500,000 for each "occurrence." The Liberty Policy defines an "occurrence" as "an accident, including continuous repeated exposure to substantially the same general harmful conditions."

Bosa, as the developer of the project, hired several subcontractors to perform work on the Legend Project. In its agreement with the subcontractors, Bosa disclaimed responsibility for supervising the subcontractor's work, and required each subcontractor to enroll in the Liberty Policy.

On February 12, 2012, the homeowners of the Legend condominium building, "The Legend Condominium Association" ("the Association"), provided notice to Bosa of several construction and engineering defects. The defects included: (1) defective installation of exterior concrete flatwork, planters, canopies, balconies, and waterproofing, resulting in water damage; (2) defective installation of plumbing and HVAC; and (3) improper selection of materials such as cast-iron piping and an Eccoduct In-Slab Duct Ventilation System.

On March 16, 2015, the Association filed suit against Bosa ("the Underlying Legend Action") seeking damages for these defects in San Diego Superior Court. On September 10, 2015, Bosa filed a cross-complaint against various subcontractors, arguing the subcontractors caused the harm alleged against Bosa. Then on December 2, 2015, after the filing of the complaint, the Association provided additional notices to Bosa regarding newly-discovered deficiencies at the Legend Project. In May 2016, the Association sent an additional notice of defects to Bosa.

In response to Bosa's and the subcontractors' tenders, Liberty agreed to defend Bosa and the subcontractors in the Underlying Legend Action pursuant to the terms and

conditions of the Liberty Policy, subject to a reservation of rights. The Association eventually settled their claims against Bosa and the subcontractors in the Underlying Legend Action. In the settlement, Liberty paid the full $4,000,000 aggregate limit.

## II. PROCEDURAL HISTORY

On April 3, 2017, Liberty filed a complaint for declaratory relief in this Court against Bosa, ISCOP, and various other defendants ("Liberty's Action", Case No. 17-cv-666). Liberty's complaint sought a judicial declaration that there were multiple occurrences for which Bosa is liable for in the underlying Legend Action in San Diego Superior Court. On the same day, Bosa filed a complaint against Liberty in San Diego Superior Court ("Bosa's Action", Case No. 17-cv-00945). Bosa's complaint includes, among other things, a claim for declaratory relief. Bosa's Action was then removed to this Court on May 8, 2017.

On September 25, 2019, Liberty filed this case against Bosa and ICOSP, seeking monetary relief if it is determined that there was only one occurrence under the Liberty Policy.

On August 16, 2019, Liberty filed a motion for summary judgment in Liberty's Action (Case No. 17-cv-666, Doc. No. 156), and Bosa filed a motion for partial summary judgment. The central issue for determination by the Court was how many "occurrences" arose under an applicable insurance policy, and accordingly, how many "deductibles" the insured, Bosa is liable for. The Court granted Liberty's motion for summary judgment on April 13, 2020, concluding that Liberty "has satisfied its burden of proving that there were three occurrences" under the Liberty Policy. (Case No. 17-cv-666, Doc. No. 199.) On May 12, 2020, Bosa appealed the decision to the Ninth Circuit, and the appeal is currently pending. (Case No. 17-cv-666, Doc. No. 204.)

## III. DISCUSSION

A stay is "not a matter of right" but "an exercise of judicial discretion and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotation marks and citations omitted). A

district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). Courts consider the following factors when deciding a motion to stay: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyear v. Mirant*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.3d 265, 268 (9th Cir. 1962)).

Here, all the parties agree—and so does the Court—that a stay should issue in Bosa's Action. First, minimal damage may result from a stay because Bosa and ICOSP allege no continuing harm. Second, absent a stay, hardship would result because it would be impractical and inefficient to move forward with this action in light of Bosa's appeal in Liberty's Action. Specifically, the question of how the Ninth Circuit interprets the number of "occurrences" under the Liberty Policy will be dispositive in this case. Indeed, proceeding with this matter would cause the parties to incur the time, effort, and expense of litigating issues that would be directly affected by Bosa's appeal. Lastly, a stay would promote an orderly course of justice because the resolution of Bosa's appeal will significantly clarify matters in this action. In light of the foregoing, and Bosa's and ICOSP's non-opposition, the Court **GRANTS** Liberty's motion to stay.

### IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Liberty's motion to stay. (Doc. No. 24). This case is hereby **STAYED** pending resolution of Bosa's appeal in Case No. 17-cv-666.

**IT IS SO ORDERED.**

Dated: July 27, 2020

Hon. Anthony J. Battaglia
United States District Judge